UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeremiah DiCapua, #105096, | ) | C/A No. 9:12-3156-DCN-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, Jeremiah DiCapua, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at the McCormick Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition

to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).

Even when considered under this less stringent standard, however, the undersigned finds for the reasons set forth hereinbelow that the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## DISCUSSION

According to the Petition herein (*see generally* ECF No. 1), in 1980, Petitioner received a life sentence after being found guilty of murder in Horry County, South Carolina circuit court. In 2000, the State Probation, Parole and Pardon Board (Parole Board) granted Petitioner parole; however, in 2003 Horry County arrested Petitioner on drug charges in a sting operation.[1] (*Id.* at 10.) In 2005, the Horry County circuit court sentenced Petitioner to concurrent thirty-month sentences for distribution of crack cocaine and possession with intent to distribute crack cocaine. *See State v. Dicapua*, 383 S.C. 394, 680 S.E.2d 292 (2009); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing cases for the premise that federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). However, the day after the court sentenced Petitioner, it *sua sponte* vacated the jury's verdict and

---

[1] The Petition states that, "[u]pon a revocation hearing . . . the [Parole] Board allowed Petitioner to continue" (ECF No. 1, at 10), but the Court cannot determine if that means that Petitioner continued on parole.

2

ordered a new trial. *DiCapua*, 383 S.C. at 396, 680 S.E. at 293. The State appealed, and the State court of appeals reversed the trial court's actions and reinstated Petitioner's sentence. *Ibid.* (citing *State v. Dicapua*, 373 S.C. 452, 455–56, 646 S.E.2d 150, 152 (Ct. App. 2007)). The Parole Board also revoked Petitioner's parole. (ECF No. 1, at 10.) Upon Petitioner's appeal of the court of appeals decision, the State supreme court granted a writ of certiorari and affirmed. *DiCapua*, 383 S.C. at 396, 680 S.E. at 293.

Petitioner states that he thereafter filed a direct appeal of his drug convictions, but withdrew this appeal after his appellate defender filed an *Anders*[2] brief. (ECF No. 1, at 2.) Petitioner later filed a motion for post-conviction relief alleging ineffective assistance of trial counsel; lack of subject matter and personal jurisdiction; and violation of constitutional and statutory rights. (*Id.* at 4.) The Horry County court of common pleas granted Petitioner post-conviction relief, vacating both his conviction and his sentences. (*Id.* at 4–5.)

Petitioner asks this Court to dismiss his drug-related charges and return him to "parolee status;" (*Id.* at 14.); and moves for release from custody on the following grounds: (i) his continuing imprisonment is unlawful because his vacated conviction was "never reinstated"; (ii) he has been subjected to "double jeopardy"; (iii) his "[t]rial counsel failed to object or preserve for appellate review the unconstitutionality of a statute or rule where [Petitioner] could be impeached by introduction of his remote criminal history"; and, (iv) because the common pleas court vacated his conviction, his parole revocation is unlawful. (ECF No. 1.)

Petitioner claims to have raised each of these issues "through a post-conviction motion or petition for habeas corpus in a state trial court" (*id.* at 6–11). However, and significantly,

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967).

3

he also states that "[t]he State has filed a petition for writ of certiorari from the granting of my post conviction relief" (*id.* at 12), and the federal habeas statute specifically provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Hence, as Petitioner is still awaiting the results of an appellate court action in his PCR case, he has not yet exhausted his available state remedies.

## RECOMMENDATION

Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action under § 2254. Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

_____
Bristow Marchant
United States Magistrate Judge

December 17, 2012
Charleston, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

4



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

